ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>CHRISTIAN BELLO COLÓN<br><br>Peticionario | KLCE202500604 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR201800602<br><br>Sobre: Ley de Armas Art. 5.04 |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2025.

El señor Christian M. Bello Colón, (señor Bello Colón o peticionario) presentó un recurso de *Certiorari*, por derecho propio y en *forma pauperis*. En este, solicitó que revisemos la *Resolución y Orden* que emitió el Tribunal de Primera Instancia, Sala de Mayagüez (Tribunal), el 28 de abril de 2025. Mediante referida Orden el Tribunal determinó "Nada que disponer" al escrito titulado Reconsideración que presentó Bello Colón.

El peticionario, solicitó litigar como indigente, sin incluir la declaración requerida. En esta ocasión, aceptamos su comparecencia por su condición de confinado.

La Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico, compareció mediante *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*.

Examinado recurso y su oposición, denegamos la expedición auto de *Certiorari*.

**I.**

De acuerdo con los documentos que obran en nuestro expediente, para el 31 de enero de 2019 estaba pautado el juicio en su fondo contra Christian M. Bello Colón. Ese día, el Ministerio Público y el abogado de la defensa presentaron una *Moción sobre Alegación Pre-Acordada*. Ese documento contenía la firma de la fiscal, del abogado de defensa y del acusado Bello Colón. En este escrito las partes acordaron que la sentencia a cumplirse sería de ocho (8) años, correspondientes a cinco (5) años consecutivos por el Artículo 5.04 (de la Ley de Armas); un año y medio por el Artículo 3.1 (Ley Núm. 54-1989, para la Prevención e Intervención con la Violencia Doméstica), concurrente con tres (3) años para cada uno de los (2) casos por violación al Artículo 404 de la Ley de Sustancias Controladas de Puerto Rico.

Surge de la minuta de la audiencia del 31 de enero de 2019, que el tribunal examinó al acusado en cuanto a la alegación de culpabilidad y lo declaró culpable y convicto por entender que su alegación fue una libre, voluntaria y con conocimiento de las consecuencias de esta. Tras ello, ese mismo día, 31 de enero de 2019, el Tribunal de Primera Instancia dictó las correspondientes sentencias para cada cargo. Según acordado, impuso dieciocho (18) meses de prisión por infringir el Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, Ley para la Prevención e Intervención con la Violencia Doméstica, 8 LPRA sec. 631; tres (3) años para cada cargo por violación al Artículo 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2404, los anteriores a cumplirse de forma concurrente. Además, se le impuso cinco (5) años, a cumplirse de forma consecutiva a los anteriores, por infracción al Artículo 5.04 de la Ley Núm. 404-2000, según enmendada, conocida como Ley de Armas de Puerto Rico (Ley de

Armas de 2000), 25 LPRA sec. 458c *et seq.* Todo lo anterior, para un total de ocho (8) años.

Años después, el 7 de noviembre de 2024[1], el señor Bello Colón presentó ante el foro primario un escrito titulado *Reconsideración*. Allí alegó, en síntesis, que fue declarado culpable tras una alegación de culpabilidad, realizada de forma libre, voluntaria y con la orientación legal. No obstante, mencionó que desconocía, que, al momento de los hechos, el Artículo 5.04 de la Ley de Armas contemplaba una pena más favorable. A su juicio, el inciso siete (7) de la Regla 72 de Procedimiento Criminal, *infra*, que regula las alegaciones pre acordadas, disponía una pena de dos (2) años.

El 4 de diciembre de 2024, notificada el 10 de diciembre de 2024, el foro primario emitió la siguiente Orden: "Nada que disponer. La pena impuesta se dictó conforme al acuerdo entre las partes." En desacuerdo, el 27 de diciembre de 2024, Bello Colón presentó un escrito de *Certiorari* para la revisión de este foro de intermedio, asignado a la causa KLCE202500041. Atendido el recurso, el 30 de enero de 2025, este Panel emitió una *Resolución*, mediante la cual se denegó la expedición del recurso. En la aludida *Resolución* se incluyó la siguiente expresión:

> […][E]xaminamos el Artículo 5.04 de la Ley de Armas de 2000, delito por el cual el peticionario alega que fue sentenciado a cinco (5) años. Referido artículo establecía una pena fija de diez (10) años de cárcel, con una pena máxima de veinte (20) años de mediar agravantes y una pena **mínima de cinco (5) años de mediar atenuantes**.
>
> En el caso de una alegación preacordada, la Ley 142-2013, que enmendó la Regla 72, inciso 7, de las Reglas de Procedimiento Criminal, *supra*, regula que cuando se trate de los delitos por los **Artículos 5.04** y 5.15 de la Ley de Armas, la pena preacordada entre el Ministerio Público y la defensa deberá conllevar para el acusado una

---

[1] Escrito del procurador General aludiendo al Recurso KLCE202500041, presentado en este Tribunal de Apelaciones y resuelto el 30 de enero de 2025.

pena de reclusión de **al menos dos (2)** años. Para que la pena preacordada pueda ser menos a dos (2) años, se requerirá la autorización del Secretario de Justicia o de la persona a quien se éste le haya delegado tal facultad.

Así pues, claramente, la Regla 72 de Procedimiento Criminal estatuye que toda alegación de culpabilidad por violar el Artículo 5.04 de la Ley de Armas deberá conllevar una pena de reclusión de **al menos** dos años. Esto es, que, a falta de una autorización del Secretario de Justicia, no se podrá preacordar una pena menor de dos (2) años. La Regla 72 (7) de Procedimiento Criminal es una limitación a la facultad del Ministerio Público al momento de negociar una alegación preacordada, en ningún momento establece que la pena por infracción al Artículo 5.04 de la Ley de Armas de 2000, deba ser de únicamente de dos (2) años. De manera que, el alcance que le dio Bello Colón a esta norma procesal no es correcta en derecho.

Así que, tomando como ciertas las alegaciones del peticionario Bello Colón, a este se le impuso una Sentencia de cinco (5) años por infracción al Artículo 5.04 de la Ley de Armas, *supra*. Esta pena se encuentra dentro del límite **mínimo de dos (2)** años que establecía la Regla 72, inciso 7 de Procedimiento Criminal, *supra*.

Siendo ello así, nada en las alegaciones del peticionario nos mueven a intervenir con el dictamen del Foro recurrido, quien no acogió el planteamiento del Peticionario y decretó: "Nada que disponer. La pena impuesta se dictó conforme al acuerdo entre las partes." El peticionario tampoco nos demostró que su petición cumpliera con alguno de los criterios de la Regla 40 de nuestro reglamento que nos permita expedir el auto de *Certiorari*.

Luego de esta decisión, el 7 de abril de 2025, Bello Colón presentó otra moción de *Reconsideración* ante el foro primario. Alegó, en síntesis, que realizó una alegación de culpabilidad, pero que desconocía de una pena más favorable por el Artículo 5.04 de la Ley de Armas, vigente al momento de los hechos. Mencionó que el inciso siete (7) de la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, R. 72, que rige las alegaciones preacordadas, establece una pena de dos (2) años. Adujo que se le encausó por un término de cinco (5) años que es mayor al antes provisto.

El 28 de abril de 2025[2], el Tribunal de Primera Instancia emitió la *Resolución y Orden* objeto de este recurso.  En esta indicó lo siguiente: "Nada que disponer.  Este escrito titulado Reconsideración, ya fue presentado en noviembre de 2024 y resuelto el 4 de diciembre de 2024 por este Tribunal.  De hecho [,] sobre tal determinación el convicto presentó Certiorari al Tribunal de Apelaciones quien resolvió [la] controversia planteada el 30 de enero de 2025."

Inconforme con la decisión, el 2 de junio de 2025, Bello Colón interpuso el recurso de *Certiorari* ante este foro de revisión intermedio.

Examinado recurso, los anejos, así como la oposición, determinamos denegar la expedición auto de *Certiorari*.

**II.**

**A.**

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020).  A su vez, se ha indicado que "el *certiorari* es un mecanismo extraordinario que procede, discrecionalmente, cuando no hay otro mecanismo disponible." Pueblo v. Guadalupe Rivera, 206 DPR 616, 632 (2021).  A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera

---

[2] Notificada el 2 de mayo de 2025.

<u>Santiago</u>, 176 DPR 559, 580 (2009); <u>Pueblo v. Ortega Santiago</u>, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". <u>Pueblo v. Ortega Santiago</u>, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. <u>Pueblo v. Rivera Santiago</u>, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> a. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> b. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> d. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> f. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

g.      Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B.

La Regla 72, inciso 7 de las Reglas de Procedimiento Criminal, según enmendado por la Ley 142-2013, en lo aquí pertinente, indicaba así:

> (7) Toda alegación preacordada en una causa en la que se impute la venta, posesión, transporte, portación o uso ilegal de un arma de fuego, según establecido en los Artículos 5.04 o 5.15 de la Ley 404-2000, según enmendada, conocida como la Ley de Armas de Puerto Rico, o sus versiones subsiguientes, deberá conllevar para el imputado o acusado una pena de reclusión de **al menos** dos (2) años, cuando la pena de reclusión estatuida para la conducta imputada bajo dichos Artículos sea mayor de dos (2) años. Cuando circunstancias extraordinarias relacionadas con el proceso judicial así lo requieran, el Secretario de Justicia tendrá la facultad para autorizar por escrito una alegación preacordada que incluya una pena de reclusión menor de dos (2) años. El Secretario de Justicia podrá delegar esta facultad en el Subsecretario de Justicia o en el Jefe de los Fiscales. (Énfasis nuestro).
> […]

34 LPRA Ap. II, R. 72

### C.

El Artículo 5.04 de la Ley Núm. 404-2000, de la Ley de Armas de Puerto Rico, disponía en lo pertinente que:

> Toda persona que transporte cualquier arma de fuego o parte de ésta, sin tener una licencia de armas, o porte cualquier arma de fuego sin tener su correspondiente permiso para portar armas, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de diez (10) años, sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativa a la reclusión reconocida en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un **mínimo de cinco (5) años**. (Énfasis suplido).
> […]

25 LPRA sec. 458e

### III.

Examinamos las alegaciones de Bello Colón, el expediente ante nuestra consideración, junto a la determinación que emitió este Panel, el 30 de enero de 2025, en la causa KLCE202500041. Pudimos corroborar que, en esa acción, atendimos un planteamiento relacionado a la corrección de la sentencia de cinco (5) años que se le impuso por violentar el Artículo 5.04 de la Ley de Armas, entonces vigente. Allí le explicamos al peticionario la razón por la cual no procedía su reclamo y denegamos expedir el auto de *certiorari* solicitado.

Tras ello, Bello Colón presentó otra solicitud de reconsideración ante el foro de primera instancia y el 28 de abril de 2025, el Tribunal de Primera Instancia determinó que no había nada que disponer. El foro primario explicó que, "[e]ste escrito titulado Reconsideración, ya fue presentado en noviembre de 2024 y resuelto el 4 de diciembre de 2024 por este Tribunal. De hecho [,] sobre tal determinación el convicto presentó *Certiorari* al Tribunal de Apelaciones quien resolvió [la] controversia planteada el 30 de enero de 2025."

Insatisfecho con la respuesta, Bello Colón acudió nuevamente ante este foro de revisión intermedio. Una lectura a la argumentación de Bello Colón, junto a la oposición del recurrida, en conjunto a la Regla 72 de Procedimiento Criminal y las determinaciones previas del foro primario y de este Panel, nos lleva a concluir que debemos abstenernos de ejercer nuestra función revisora.

El peticionario no nos demostró que estuviera presente algún criterio esbozado en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Como no divisamos justificación para

intervenir con la determinación del foro primario procede denegar la solicitud de expedir el auto de *certiorari*.

**IV.**

De conformidad con lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones